# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RUDOLF H. HENDEL AND CATHERINE G. LIN-HENDEL,<br><br>Debtors. | Bankr. Case No. 21-18847 (JKS) |
| RUDOLF HENDEL, *et al.*,<br><br>Appellants,<br><br>v.<br><br>MEB LOAN TRUST IV,<br><br>Appellee. | Case No. 2:22-cv-04985 (BRM)<br><br>**ORDER** |

**IT APPEARING THAT:**

1. On August 8, 2022, Appellants filed an appeal of an August 2, 2022 order denying the motion to disqualify Judges Sherwood and Arleo for lack of jurisdiction in light of the dismissal. (ECF No. 1-1; Bk. Dkt. 21-18847, ECF No. 95.)

2. On September 2, 2022, Appellants filed a single Designation of Record related to four different appeals, which was docketed in each individual appeal. (ECF No. 2.) No statement of issues specific to this appeal was transmitted from the Bankruptcy Court with the designation of record. Rather, Appellants argued their overall objections to various proceedings, which were not limited to the bankruptcy court and the specific appeal. (*See id.*)

3. Pursuant to Federal Rule of Bankruptcy Procedure 8009, "[t]he appellant must file . . . a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The designation and statement must be filed

"within 14 days after [] the appellant's notice of appeal as of right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1)(B).

4. Appellants' purported designation of record was not filed until September 2, 2022, nearly a month after the notice of appeal was filed. Further, the filing does not comply with Rule 8009(a)(1)(A) in that Appellants have not designated specific items to be included in the record, nor did they identify issues specific to this appeal, *i.e.*, specifically identifying how the Bankruptcy Court erred in its August 2, 2022 order. *See Goldsmith v. Pittsburgh Mercy Health Sys., Inc.*, No. 20-CV-00161-MJH, 2020 WL 4450370, at *2 (W.D. Pa. Aug. 3, 2020) (citing Fed. R. Bankr. P. 8009) ("If [appellant] disagreed with the Bankruptcy Court's decision . . . , the reason should have been readily apparent for the purposes of articulating and filing a timely statement of issues presented.").

5. Additionally, Appellants were required to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Failure to do so could result in dismissal. Fed. R. Bankr. P. 8018(a)(4).

6. On November 3, 2022, the Court advised Appellants of these deficiencies and ordered Appellants to "show cause by November 23, 2022, via a letter posted to the docket, why this appeal should not be dismissed as untimely or for failure to comply with the Bankruptcy Rules. Appellants' letter must be accompanied by: (1) a designation of record and statement of issues specific to this appeal, and (2) a brief consistent with the applicable rules. Failure to do so will result in dismissal." (ECF No. 5.)

7. To date, Appellants have not responded to the order to show cause, no brief has been filed, and the matter is subject to dismissal. *See* Fed. R. Bankr. P. 8018(a)(4).

Accordingly, and for good cause appearing,

**IT IS** on this 29th day of November 2022,

**ORDERED** that this appeal is **DISMISSED** and the matter shall be marked **CLOSED**.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**